PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS R. RODRÍGUEZ, Defendant and Appellant.

No. 4172.   Argued November 14, 1930.—Decided December 11, 1930.

*Horton & Saliva* for appellant.   *R. A. Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case the only question involved relates to the sufficiency of the complaint. It was drawn by Policeman Facundo Ortega and in its pertinent part reads as follows:

"That on January 6, 1930, in the city of Mayagüez, . . . the said defendant Luis R. Rodríguez, then and there, unlawfully, wilfully and maliciously violated the provisions of the Act regulating the use of motor vehicles on the highways of Puerto Rico, in that while driving a Pontiac automobile, license-plate No. 1265, which is a motor vehicle belonging to Rafael Surís, of Mayagüez, P. R., he failed to take into account the width, amount of traffic, and use of the road, along the highway from Mayagüez to Maricao, and when reaching the place of the accident said Pontiac automobile was going towards Mayagüez, there stood an oxcart on the right-hand side of the road and at that moment there was coming up a Ford car, license-plate No. P–262, belonging to Juana Hernández and driven by Antonio Rivera, chauffeur license No. 8653, and the driver Luis R. Rodríguez failed to reduce the speed of the Pontiac car, P–1265, and passed between the Ford car and the oxcart, colliding with the Ford car P–262, and damaging it as follows: right-hand side of the front axle, bent; front part of the chasis, bent; windshield, broken; front bumper and steering wheel, broken. This is a violation by the defendant of subdivision (*a*) of section 13 of the Motor Vehicles Act, No. 75, approved April 13, 1916."

Based on that complaint and after hearing the evidence, the district court found the defendant guilty and imposed on him a fine of twenty-five dollars. He has appealed to this court on the ground that the complaint does not charge the violation of section 13 of the Motor Vehicles Act of which he was convicted.

The complaint might have been drawn more concisely and clearly; but in its present form it is sufficient, in accordance with the law and the jurisprudence, established by this court in People v. Casanovas, 38 P.R.R. 197.

In the complaint the defendant is first charged, in the language of the statute, with a violation thereof in having "failed to take into account the width, amount of traffic, and use of the road," and then the specific act committed is described, showing the circumstances which required the defendant to reduce the speed of the car he was driving, and the fact that he failed to do so.

The judgment appealed from must be affirmed.